**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5188**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY CHARLES CARTER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:06-cr-00100-NCT)

Submitted:  August 6, 2007          Decided:  August 17, 2007

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter L. Jones, JONES, FREE & KNIGHT, PLLC, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Charles Carter appeals his convictions and 360-month sentence for possession with intent to distribute 16.3 grams of cocaine base and 33.7 grams of cocaine powder in violation of 21 U.S.C.A. §§ 841 (a)(1), (b)(1)(B), (b)(1)(C) (West 1999 & Supp. 2007), possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924 (c)(1)(A)(I) (2000), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). He argues that the Government made improper use of his post-arrest silence and the district court committed plain error when it failed sua sponte to declare a mistrial based on Government witnesses' testimony that referred to his silence after he had been advised of his Miranda* rights and invoked his right to silence.

Errors raised for the first time on appeal are reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). Plain error review requires the defendant to establish that: (1) there was error; (2) the error was "plain"; and (3) the error affected the defendant's substantial rights. Id. Even if the defendant makes this required showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously

_____

*Miranda v. Arizona, 384 U.S. 436 (1967)

- 2 -

affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

While the Government cannot unfairly comment on a defendant's exercise of his post-arrest, post-Miranda silence to prove guilt, it may elicit testimony about post-arrest silence to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version at the time of arrest. Doyle v. Ohio, 426 U.S. 610, 619 n. 11 (1976). Carter testified that he told police officers the guns found in the car he was driving were not his. When the Government asked its rebuttal witness whether Carter explained that the firearms did not belong to him at the sheriff's office, the officer said: "[a]fter his rights were read, nothing was said. He didn't say a word." Carter did not object and the Government did not ask any further questions. The brief reference to Carter's post-Miranda silence was elicited, not to establish guilt, but to impeach Carter's assertion that he gave his exculpatory version to police officers.

A prosecutor may also question a defendant about his post-arrest silence for the purpose of rebutting the impression that he cooperated with law enforcement authorities. United States v. Fairchild, 505 F.2d 1378, 1383 (5th Cir. 1975) (cited with approval in Doyle); United States v. O'Keefe, 461 F.3d 1338, 1348 (11th Cir. 2006) ("When a defendant attempts to convince a jury of that he was of a cooperative spirit, Doyle does not tie the hands

of prosecutors who attempt to rebut this presentation by pointing to a lack of cooperation.")(internal quotation marks and citation omitted).  Here, the defense sought to create the impression of cooperation by asking the police officers on cross-examination whether Carter cooperated at the time of arrest, did "everything" the officers asked, and voluntarily answered their questions.  The Government was entitled to present contradictory evidence.

Even if we were to find error occurred, Carter cannot establish the error was prejudicial such that it affected his substantial rights.  <u>United States v. Williams</u>, 81 F.3d 1321, 1326 (4th Cir. 1996) (a forfeited plain error affects a defendant's substantial rights if it affected the outcome of the proceedings below).  It is also abundantly clear that the testimony at issue did not undermine the fairness or integrity of the proceedings.  See <u>Olano</u>, 507 U.S. at 736.

Accordingly, we affirm Carter's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>